**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RITCHIE RISK-LINKED STRATEGIES, L.L.C,[1]<br><br>           Debtor. | Chapter 11<br><br>Case No. 18-11555 (KJC)<br><br>Hearing: September 4, 2018, at 1:30 p.m. (Eastern)<br>Objections Due: August 13, 2018 at 4:00 p.m. (Eastern) |

**APPLICATION OF THE DEBTOR TO EMPLOY POTTER ANDERSON
& CORROON LLP AS SPECIAL LITIGATION COUNSEL
PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE**

Ritchie Risk-Linked Strategies, L.L.C. ("RRLS" or the "Debtor") respectfully submits this application for Entry of an Order Pursuant to Sections 327(e), and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Employment and Retention of Potter Anderson & Corroon LLP ("Potter Anderson") as Special Litigation Counsel *Nunc Pro Tunc* to the Petition Date (the "Application"). In support of the Application, the Debtor relies upon and incorporates by reference the Declaration of John A. Sensing, (the "Sensing Declaration"), which is attached hereto as **Exhibit B**. In further support of this Application, the Debtor states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider the Application under 28 U.S.C. §§ 1334 and 157. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The last four digits of the Debtor's tax identification number are 0458.

2. Venue of this case and the Application are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other predicates for the relief requested herein are sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## FACTUAL BACKGROUND

4. On June 28, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case (the "Chapter 11 Case").

5. The Debtor continues to manage its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Prior to the Petition Date, the Debtor retained Potter Anderson in connection with the following civil court actions: *Huizenga Managers Fund v. A.R. Thane Ritchie, et al.,* Case No. 07 CH 09626 (Cir. Ct. Cook County, Ill.), *A.R. Thane Ritchie, et al. v. Huizenga Managers Fund, LLC*, C.A. No. N17C-05-598 MMJ-CCLD (Del. Super. Ct.), and any adversary proceedings that may be filed or removed to this court concerning the same subject matter (the "RRLS Litigations").[2]

7. *Huizenga Managers Fund v. A.R. Thane Ritchie, et al.,* Case No. 07 CH 09626 (Cir. Ct. Cook County, Ill.): On February 17, 2017, Potter Anderson was retained by RRLS and the Non-Debtor Ritchie Clients to prepare an opinion letter regarding Delaware law in connection

---

[2] Potter Anderson also represents A.R. Thane Ritchie, Ritchie Partners, LLC, Ritchie Capital Management, LLC (the "Non-Debtor Ritchie Clients") in the RRLS Litigations. The Non-Debtor Ritchie Clients assert or may assert an indemnification claim (pursuant to RRLS' Third Amended and Restated Operating Agreement dated November 1, 2005) against the Debtor with respect to any liability or litigation expenses. To the extent any such claim exists or arises, Potter Anderson will not provide any legal services in pursuit of those claims.

with this action and in subsequent appeals to the Illinois Supreme Court and the Supreme Court of the United States. This representation concluded following the Supreme Court's denial of certiorari on January 16, 2018.

8. *A.R. Thane Ritchie, et al. v. Huizenga Managers Fund, LLC*, C.A. No. N17C-05-598 MMJ-CCLD (Del. Super. Ct.): This action was commenced on May 24, 2017, and Potter Anderson was retained as co-counsel for RRLS and the Non-Debtor Ritchie Clients on June 12, 2017. The plaintiffs seek indemnity under Huizenga's subscription agreement for the judgments relating to the August 2005 Sale and the October 2005 Sale that Huizenga obtained against certain defendants in the Illinois lawsuit. This indemnity suit alleges that Huizenga violated several representations and warranties in the subscription agreement by asserting a DSA claim in the Illinois court based on alleged omissions of fact it represented and warranted it would not and did not rely on in making its investments with RRLS. This suit also alleges that Huizenga pursued and obtained a judgment against the Non-Debtor Ritchie clients in the absence of fraud or gross negligence in violation of a covenant not to do so. Huizenga filed a motion to dismiss or stay. On December 21, 2017, the Delaware Superior Court stayed the case pending resolution of a pending appeal in Illinois.

## **RELIEF REQUESTED**

9. By this Application, the Debtor seeks the entry of an order pursuant to sections 327(e) and 328(a) of the Bankruptcy Code authorizing the Debtor to employ and retain Potter Anderson as special litigation counsel in connection with the RRLS Litigations, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth herein and in the Sensing Declaration.

5877085v.1

**Potter Anderson's Qualifications**

10. The Debtor has selected Potter Anderson as special litigation counsel because of Potter Anderson's extensive experience representing the Debtor in connection with the RRLS Litigations and Potter Anderson's track record of providing the Debtor with effective and efficient legal services. The Debtor believes that both the interruption and duplicative costs involved in obtaining substitute counsel at this juncture would be extremely harmful to the Debtor and its estate. If the Debtor is required to retain counsel other than Potter Anderson in connection with the RRLS Litigations, the Debtor, its estate and all parties in interest would be unduly prejudiced by the time and expense required to replicate Potter Anderson's familiarity with the intricacies of the RRLS Litigations.

11. For the foregoing reasons, the Debtor believes that Potter Anderson is well qualified and uniquely able to provide the specialized legal services sought by the Debtor on a going-forward basis in connection with the RRLS Litigations, and that the retention of Potter Anderson is in the best interest of the Debtor and its estate.

**Scope of Services**

12. The Debtor believes it is in the best interest of its estate to retain Potter Anderson as special litigation counsel in connection with the RRLS Litigations. In accordance with the terms set forth herein and in the Sensing Declaration, and subject to the oversight and orders of this Court, the Debtor anticipates that Potter Anderson will render various legal services to the Debtor, including, among other things, the following:

    a.    giving advice to the Debtor with respect to the RRLS Litigations;

    b.    preparing motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the prosecution or defense of the RRLS Litigations;

      c.      representing the Debtor in all trials, hearings or arbitration proceedings with respect to the RRLS Litigations; and

      d.      protecting the interests of the Debtor with respect to the RRLS Litigations

13.    The Debtor has filed an application to employ and retain, pursuant to sections 327(a), 328 and 329 of the Bankruptcy Code, Reed Smith LLP ("Reed Smith") as bankruptcy counsel in this Chapter 11 Case.

14.    The Debtor believes that the services Potter Anderson will provide will be complementary to, rather than duplicative of, the services to be performed by Reed Smith. Further, the Debtor is mindful of the need to avoid unnecessary duplication of services, and appropriate procedures will be implemented to ensure minimal duplication of effort, if any, as a result of Potter Anderson's role as special litigation counsel.

## Professional Compensation

15.    Potter Anderson's requested compensation for professional services rendered to the Debtor will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate. Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court, the Debtor proposes to compensate Potter Anderson for professional services rendered at its normal and customary hourly rates, plus reimbursement of actual, necessary expenses incurred by Potter Anderson on the Debtor's behalf.

16.    The current hourly rates charged by Potter Anderson for professionals and paraprofessionals are as follows:

| **Billing Category** | **Range** |
| --- | --- |
| Partners | $460 - $1,185 |
| Associates | $325 - $585 |
| Paralegals | $195 - $325 |
| Other Administrative Staff | $105-$225 |

5877085v.1

These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

17. Potter Anderson will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

18. Potter Anderson intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, as well as any interim compensation order in effect during the pendency of the Debtor's bankruptcy case.

### Payments Received Prior to the Petition Date

19. In connection with its retention by the Debtor prior to the Petition Date, Potter Anderson received a retainer in the amount of $10,000 (the "Retainer"). After applying a portion of the Retainer to the outstanding balance as of the Petition Date, Potter Anderson continues to hold a Retainer in the amount of approximately $7,027.63. The remainder will constitute a general retainer as security for postpetition services and expenses incurred in this Chapter 11 Case by Potter Anderson.

20. In this case, the general security retainer is appropriate for several reasons. *See In re Insilco Techs., Inc.,* 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals, *i.e.*, whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation[] [and] . . . whether the retention, as proposed, is in the best interests of the estate[] . . ."); *see also In re CTC Commc'ns Grp., Inc.,* Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), Hr'g Tr. 43:14-15 ("I agree and adopt wholeheartedly Judge Carey's

6

5877085v.1

decision in the Insilco case."). First, these types of retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Techs.,* Inc., 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both Potter Anderson and the Debtor are sophisticated business entities that have negotiated the retainer at arm's length. Third, the retention of Potter Anderson is in the best interests of the Debtor's estate because the terms of retention allow the Debtor to maintain the prepetition relationship established with Potter Anderson. Thus, under the standards articulated in *In re Insilco Technologies, Inc.,* and adopted in *In re CTC Communications Group, Inc.,* the facts and circumstances of this Chapter 11 Case support the approval of the security retainer.

## BASIS FOR RELIEF REQUESTED

21. The Debtor submits that retention of Potter Anderson under the terms described herein is appropriate under section 327(e) of the Bankruptcy Code, which permits the employment of an attorney for a special purpose when the attorney has previously represented the debtor, if such employment is in the best interests of the debtor's estate. Specifically, section 327(e) provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. Sec. 327(e). Section 327(e) of the Bankruptcy Code authorizes the retention of an attorney who previously represented a debtor prior to the petition date provided that: (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the chapter 11 cases; (c) the retention is in the best interests of the debtor's estate; and (d) the attorney does not

7

hold any interest adverse to the debtor with respect to the subject of its retention.  11 U.S.C. § 327(e).

22.     Furthermore, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).

23.     Certain of the Non-Debtor Ritchie Clients may have claims for indemnification or contribution against the Debtor arising out of claims made against the Debtor and the Non-Debtor Ritchie Clients in the RRLS litigations.  To the extent the Non-Debtor Ritchie Clients may have such claims, Potter Anderson will not represent or provide assistance to the Non-Debtor Ritchie Clients in asserting such claims against the Debtor.

24.     Ultimately, the Debtor believes that Potter Anderson is qualified to provide the specialized legal services sought by the Debtor.  Accordingly, the proposed retention of Potter Anderson as special litigation counsel should be approved as it falls squarely within the scope of and purpose for which Congress enacted section 327(e) of the Bankruptcy Code.

25.     Accordingly, the Debtor submits that its retention of Potter Anderson is permissible under section 327 of the Bankruptcy Code and is in the best interests of all creditors of the estate.

**NOTICE**

26.     Pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1(b), notice of this Application has been given to (a) the United States Trustee; (b) the Debtor's twenty largest unsecured creditors as identified pursuant to Bankruptcy Rule 1007(d); and (c) any parties that

have filed appearances and requested notice in this Chapter 11 Case.  In light of the nature of the relief requested in this Application, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

27.    No previous request for the relief sought in this Application has been made to this Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order in the form attached hereto as **Exhibit A** authorizing the Debtor to employ Potter Anderson as Special Litigation Counsel in this Chapter 11 Case *nunc pro tunc* to the Petition Date.

Dated: July 27, 2018                                          Respectfully submitted,

RITCHIE PARTNERS, LLC, as Managing Member of Ritchie Risk-Linked Strategies, L.L.C.


By:    */s/ Michael Cilento*
         Michael Cilento
         Chief Operating Officer

5877085v.1