IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RITCHIE RISK-LINKED STRATEGIES, L.L.C.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 18-11555 (KJC)<br><br>Objection Deadline: August 28, 2018, at 4:00 pm (ET)<br>Hearing Date: September 4, 2018, at 1:30 pm (ET) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE CLAIMS OR ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

Ritchie Risk-Linked Strategies, L.L.C. (the "Debtor"), as debtor in possession, by and through its proposed counsel, Reed Smith LLP, respectfully submits this motion (the "Motion") for entry of an order, in substantially the form attached as **Exhibit A** (the "Proposed Order"), extending the time period within which the Debtor may remove claims or actions, pursuant to 28 U.S.C. § 1452 ("Section 1452") and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This court (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined

---

[1] The last four digits of the Debtor's federal tax identification number are 0458.

that the Court, absent consent of the parties, cannot enter a final order or judgment regarding the Motion consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

1. On June 28, 2018 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. The Debtor remains in possession of its assets pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The current deadline for the Debtor to file notices of removal pursuant to Section 1452 and Bankruptcy Rule 9027(a)(2), with respect to prepetition actions that are not stayed, is September 26, 2018.[2]

## RELIEF REQUESTED

4. By this Motion, the Debtor respectfully requests entry of an order, in substantially the form attached as **Exhibit A**, further extending the time in which the Debtor may file notices of removal through—

    (i) January 24, 2019, with respect to claims or actions commenced *before* the Petition Date (the "Extended Pre-Petition Removal Deadline"); and

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion before the expiration of the current removal deadline shall automatically extend the deadline until the Court acts on this Motion without the necessity of a bridge order.

(ii) the later of January 24, 2019 and the time period specified in Bankruptcy Rule 9027(a)(3)(A)-(B),³ with respect to claims or actions commenced *after* the Petition Date (the "Extended Post-Petition Removal Deadline," and together with the Extended Pre-Petition Removal Deadline, the "Extended Removal Deadlines").

5. The Debtor respectfully requests that the Extended Pre-Petition Removal Deadline apply to all claims and actions governed by Bankruptcy Rule 9027(a)(2) (collectively, the "Pre-Petition Claims or Actions") and that the Extended Post-Petition Removal Deadline apply to all claims and action governed by Bankruptcy Rule 9027(a)(3) (collectively, with all Pre-Petition Claims or Actions, the "Actions"). This Motion is without prejudice to the Debtor's right to seek further extensions of the Extended Removal Deadlines.

## BASIS FOR RELIEF

6. Section 1452 and Bankruptcy Rule 9027 govern the removal of pending claims or civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9. With respect to claims or actions commenced *before* the Petition Date, Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code,

---

³ Rule 9027 provides that post-petition claims or actions may be removed "within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons." Fed. R. Bankr. P. 9027(A)-(B).

3

> (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10. With respect to claims or actions commenced *after* the Petition Date, Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

11. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Debtor's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(l).

12. It is well-settled that this Court is authorized to extend, for cause, the removal period provided under Section 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also, e.g., Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule

9006 authorizes enlargement of removal period under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (removal deadline may be extended pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

13. The Debtor believes it is prudent to seek this extension to protect its rights to remove any Actions (or claims therein). The extension of the removal deadlines sought in this Motion will afford the Debtor a reasonable additional amount of time to determine whether to remove any pending Action and will assure that the Debtor does not forfeit important rights under Section 1452, the exercise of which may be important to the timely administration of the bankruptcy case. Absent the requested extension, the Debtor will not be able to complete this review adequately and the result could, among other things, unnecessarily hinder the Debtor's ability to recover assets (or resolve adverse claims) for the benefit of its estate. Further, the rights of the Debtor's adversaries will not be prejudiced by such an extension. Any party to an Action that is removed may seek to have such Action remanded to the appropriate state court pursuant to 28 U.S.C. § 1452(b).

14. The Debtor further requests that the order approving this Motion be without prejudice to (a) any position the Debtor may take regarding whether Bankruptcy Code section 362 applies to stay any given Action pending against the Debtor and (b) the right of the Debtor to seek further extensions of the Extended Removal Deadlines.

15. For the reasons set forth above, the Debtor submits that the relief requested herein is appropriate and is in the best interests of its estate and creditors.

## NOTICE

16. The Debtor will serve notice of this Motion upon: (i) the Office of the United States Trustee; (ii) the top twenty general unsecured creditors; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the Motion, (b) approving the Extended Removal Deadlines and (c) granting to the Debtor such further relief as is appropriate.

Dated: August 13, 2018
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: */s/ Kurt F. Gwynne*
Kurt F. Gwynne (No. 3951)
Jason D. Angelo (No. 6009)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
jangelo@reedsmith.com

*Proposed Counsel to the*
*Debtor in Possession*