## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RITCHIE RISK-LINKED STRATEGIES, L.L.C., | Case No. 18-11555 (KJC) |
| Debtor. [1] | **Objection Deadline: August 27, 2018, at 4:00 p.m. (ET)**<br>**Hearing Date: September 4, 2018, at 1:30 p.m. (ET)** |

**DEBTOR'S MOTION PURSUANT TO SECTIONS 105(a), 330, AND 331 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

Ritchie Risk-Linked Strategies, L.L.C. (the "Debtor"), as debtor in possession, by and through its proposed counsel, Reed Smith LLP, hereby submits this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached to the Motion as **Exhibit A**, establishing procedures for interim compensation for professional services and reimbursement of expenses of professionals. In support of the Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1.    This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the

---

[1]    The last four digits of the Debtor's federal tax identification number are 0458.

parties, cannot enter a final order or judgment regarding the Motion consistent with Article III of the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief sought herein are sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2016-2.

## BACKGROUND

5.      On June 28, 2018 (the "Petition Date"), the Debtor commenced this chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

6.      The Debtor remains in possession of its assets pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.      On July 12, 2018, the Debtor filed its *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* with the Court [D.I. 18 and 19].  On July 30, 2018, the Debtor filed its *Amended Schedules of Assets and Liabilities* and *Amended Statement of Financial Affairs* [D.I. 25 and 26].

8.      A meeting pursuant to section 341 of the Bankruptcy Code was commenced on July 31, 2018.

## RELIEF REQUESTED

9.      By this Motion, the Debtor seeks entry of an order, substantially in the form attached to the Motion as **Exhibit A**, approving the Compensation Procedures (as defined herein)

for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals (collectively, the "Retained Professionals") whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.  The entry of such an order will streamline the professional compensation process and allow the Court and other parties to more effectively monitor the professional fees and expenses incurred in this Chapter 11 Case.

## RETENTION OF PROFESSIONALS

10.    The Debtor has filed applications to retain the law firm of Reed Smith LLP as the Debtor's bankruptcy counsel [D.I. 22] and the law firm of Potter Anderson & Corroon LLP as the Debtor's special litigation counsel [D.I. 23].  The Debtor may seek to retain other professionals during the course of this case if and when the need arises.  Moreover, if a statutory committee is appointed by the Court, the same may retain counsel and/or other advisors to assist it in fulfilling its obligations in this Chapter 11 Case.

11.    The Debtor believes that establishing orderly procedures for payment of the Retained Professionals will streamline the administration of this Chapter 11 Case and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest.  Specifically, a streamlined process for serving interim fee applications (each an "Interim Fee Application") and the notices thereof is in the best interest of the Debtor because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtor unnecessary copying and mailing expenses.

## PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES

12.    By this Motion, the Debtor proposes, except as otherwise provided in an order of the Court authorizing the retention of a particular Retained Professional, that Retained Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the procedures set forth below (the "Compensation Procedures"):

  a. On or before the 25th day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Retained Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by first class mail on each of the following parties (collectively, the "Notice Parties"):

    i. the Debtor's Chief Restructuring Officer, Geoffrey Varga, Duff & Phelps, LLC, 55 East 52nd Street, Floor 31, New York, NY 10055;

    ii. counsel to the Debtor, Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801 (Attn.: Kurt F. Gwynne, Esq. and Jason D. Angelo, Esq.);

    iii. the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801 (Attn.: Hannah M. McCollum, Esq.);

    iv. counsel to the any statutorily appointed committee; and

    v. counsel to Ritchie Multi-Strategy Global Trading, Ltd. (the Debtor's proposed "DIP Lender" and "Prepetition Senior Secured Lender").

Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b.    Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Application to review the request (the "Review Period").  If any Notice Party wishes to object to a Retained Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Retained Professional and each of the Notice Parties.  A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c.    Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Retained Professional may file a certificate of no objection ("CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in their Monthly Fee Application.  After a CNO is filed, the Debtor is authorized to pay the Retained Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment").  If a Notice of Objection was timely received and remains unresolved, the Debtor is authorized to pay the Retained Professional an amount (the "Reduced Monthly Payment") equal to the lesser of (i) the Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d.    If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis.  If and to the extent that the parties reach an agreement, the Debtor shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment (an "Incremental Resolution Payment").  If, however, the parties are unable to reach a complete resolution of the objection within ten (10) days after service of the Notice of Objection, the objecting party shall file their objection (the "Objection") with the Court within three (3) business days after such ten-day period and serve such Objection on the respective Retained Professional and each of the Notice Parties.  Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected

Retained Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

e.    At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Retained Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Retained Professional in their Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

  i.    the Monthly Fee Applications that are the subject of the request;

  ii.   the amount of fees and expenses requested;

  iii.  the amount of fees and expenses paid to date or subject to an Objection;

  iv.   the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

  v.    any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Retained Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. (Eastern Time) on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

f.    The Debtor will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six (6) months. The Debtor, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

g.    The first Interim Fee Period will cover the month in which the Petition Date occurs and the three (3) full months

immediately following such month.  Thus, as applicable to this Chapter 11 Case, the first Interim Fee Period will cover the Petition Date through September 30, 2018.

h.      The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from future payment of compensation or reimbursement of expenses under the Compensation Procedures.

i.      Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures, nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Retained Professionals.  All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

13.      By this Motion, the Debtor further requests that the Retained Professionals be required to serve the Interim Fee Applications and the Final Fee Applications only on Notice Parties, and all other parties that have filed a request for special notice with the Clerk of the Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notice of hearings on the Interim Fee Applications and Final Fee Applications.  Providing notice of interim and final fee applications in such manner will allow the parties most active in this Chapter 11 Case to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

14.      The Debtor shall include all payments made to Retained Professionals in accordance with the Compensation Procedures in its monthly operating report, identifying the amount paid to each of the Retained Professionals.

15.      The Debtor believes the Compensation Procedures requested herein will (i) enable the Debtor and parties in interest to closely monitor the costs of administering this case; (ii)

allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures; (iii) maintain an appropriate level of liquidity so as to ensure the Debtor's continued ability to satisfy such costs; (iv) accurately forecast cash flows that account for the amount and timing of such costs; and (v) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Applications.   Moreover, the proposed Compensation Procedures will streamline the administration of this Chapter 11 Case and otherwise expedite the bankruptcy process for the Court, the U.S. Trustee, and all parties in interest.   The Debtor therefore submits that the efficient administration of this case will be significantly aided by establishing the Compensation Procedures.

## BASIS FOR RELIEF

16.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.   Moreover, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. § 105(a).

17.     Courts have regularly entered orders allowing professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis.   In fact, this Court has approved similar compensation procedures in many cases within this District.   *See*, *e.g.*, *In re Tintri, Inc.*, No. 18-11625 (KJC) (Bankr. D. Del. Aug. 8, 2018); *In re Jet Midwest Grp., LLC*, No. 18-10395 (KJC) (Bankr. D. Del. Apr. 4, 2018); *The Walking Co. Holdings, Inc.,* et al.*, No. 18-10474 (LSS) (Bankr. D. Del. Apr. 4, 2018); *In re True Religion Apparel, Inc.,* et al., No. 17-11460 (CSS) (Bankr. D. Del. July 31, 2017); *In re American*

*Apparel, LLC*, No. 16-12551 (BLS) (Bankr. D. Del. Dec. 8, 2016); *In re Emerald Oil, Inc.*, No. 16-10704 (KG) (Bankr. D. Del. May 11, 2016).[2]  Accordingly, this Court has authority to enter an order authorizing the Compensation Procedures requested herein.

18.    Implementation of the proposed Compensation Procedures is justified and in the best interests of the Debtor's estate and its creditors.  Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on part of the attorneys for the Debtor in providing services necessary to administer the chapter 11 case.  The Debtor has limited staff and resources to deal with the extra burdens imposed by the filing of this case.  Moreover, the Debtor believes that several professionals will be retained in this case.  Without the streamlined compensation procedures requested herein, the professional fee application process and review of the professional fee applications would be overly burdensome on the Debtor, the Retained Professionals, the Court, the Office of the United States Trustee, and other parties in interest. The Debtor believes that the proposed Compensation Procedures are necessary to ensure that the Retained Professionals are fairly and timely compensated for their services and that such Retained Professionals are not forced to bear undue financial burden or risk caused by delays in payment.

19.    Based on the foregoing, the Debtor respectfully submits that the relief requested by this Motion should be granted because it is necessary, appropriate, and in the best interests of the estate.

---

[2]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtor's undersigned proposed counsel.

**NOTICE**

20.    The Debtor will provide notice of this Motion to the following parties, or their counsel, if known:  (a) the United States Trustee for the District of Delaware; (b) the Debtor's twenty (20) largest unsecured creditors; (c) the proposed DIP Lender and the Secured Prepetition Lender; and (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtor respectfully requests the entry of an order, substantially in the form attached to the Motion as **Exhibit A**, granting the Motion and granting to the Debtor such other and further relief as is appropriate.

Dated: August 13, 2018
      Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:    */s/ Kurt F. Gwynne*
    Kurt F. Gwynne (No.  3951)
    Jason D. Angelo (No. 6009)
    1201 North Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575
    Email: kgwynne@reedsmith.com
        jangelo@reedsmith.com

*Proposed Counsel to the Debtor in Possession*