**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RITCHIE RISK-LINKED STRATEGIES, L.L.C., | Case No. 18-11555 (KJC) |
| Debtor.[1] | **Interim Relief Objections Due: August 27, 2018 at 4:00 PM (ET)**<br>**Interim Hearing (if necessary):  September 4, 2018 at 1:30 PM (ET)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE
DISCLOSURE STATEMENT ON AN INTERIM BASIS, (B) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO
ACCEPT OR REJECT THE PLAN, (C) APPROVING THE FORMS OF BALLOT
AND SOLICITATION MATERIALS, (D) ESTABLISHING THE VOTING
RECORD DATE, (E) SCHEDULING A PLAN CONFIRMATION HEARING AND
DEADLINE FOR FILING OBJECTIONS TO FINAL APPROVAL OF THE
DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN,
AND (F) APPROVING THE RELATED FORM OF NOTICE**

Ritchie Risk-Linked Strategies, L.L.C., the debtor in possession (the "Debtor"), by and

through its proposed counsel, Reed Smith LLP, hereby submits this motion (the "Motion") under

sections 105(a), 105(d)(2)(B)(vi), 1125, 1126, and 1128 of title 11 of the United States Code, 11

U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2002(b), 3017, 3018, and 3020 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and

3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the

form attached to this Motion as **Exhibit A** (the "Interim Approval and Procedures Order"), (a)

approving, on an interim basis, the adequacy of the disclosure statement (the "Disclosure

Statement") set forth in the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation*

[D.I. 40] (as may be amended, modified, or supplemented, the "Combined Plan and Disclosure

---

[1] The last four digits of the Debtor's federal tax identification number are 0458.

Statement" or the "Plan"),[2] which was filed on August 13, 2018, (b) establishing procedures for the solicitation (the "Solicitation Procedures") and tabulation of votes to accept or reject the Plan (the "Vote Tabulation Procedures"), (c) approving the forms of ballot (each a "Ballot" and collectively, with the Master Ballots, the "Ballots") and solicitation materials, (d) establishing a voting record date, (e) scheduling a joint hearing to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan (the "Plan Confirmation Hearing") and setting the deadline for objections thereto (the "Plan Confirmation Objection Deadline"), and (f) approving the related form of notice (the "Plan Confirmation Hearing Notice"). In support thereof, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.      This court (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested in this Motion are sections 105(a), 105(d)(2)(B)(vi), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 3017, 3018, and 3020, and Local Rules 2002-1 and 3017-2.

---

[2] Capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.

**BACKGROUND**

4.      On June 28, 2018 (the "<u>Petition Date</u>"), the Debtor commenced this case (the "<u>Chapter 11 Case</u>") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtor remains in possession of its Assets pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On July 12, 2018, the Debtor filed its *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* with the Court [D.I. 18 and 19].  On July 30, 2018, the Debtor filed its *Amended Schedules of Assets and Liabilities* and *Amended Statement of Financial Affairs* [D.I. 25 and 26].

7.      A meeting pursuant to section 341 of the Bankruptcy Code was commenced on July 31, 2018.

**I.      The Bar Dates for Filing Proofs of Claim**

8.      On August 10, 2018, the Debtor filed its motion for an order establishing (i) October 16, 2018 as the deadline by which entities, other than governmental units, have to file prepetition proofs of claim (including claims entitled to priority under section 503(b)(9) of the Bankruptcy Code), and (ii) December 30, 2018, as the deadline for governmental units to file prepetition claims (collectively, the "<u>Bar Dates</u>") [D.I. 33].

**II.      The Combined Plan and Disclosure Statement**

9.      To streamline the process and save costs, the Debtor determined the best course of action was to file a combined plan and disclosure statement, to seek preliminary approval of the Disclosure Statement, and to schedule a combined, final hearing on Plan confirmation and the adequacy of the Disclosure Statement.

10.    Section III of the Combined Plan and Disclosure Statement provides a detailed description of, among other things, the Debtor's organizational structure, prepetition capital structure, historical business operations, and summaries of certain material events leading up to and during this Chapter 11 Case.

11.    The Combined Plan and Disclosure Statement is being proposed by the Debtor because the Debtor believes that the Plan provides the most efficient means to maximize value of the Debtor's assets, distribute proceeds thereof to Holders of Allowed Claims and Holders of Allowed Interests, and conclude the Debtor's Chapter 11 Case.

12.    The Plan is a liquidating plan within the purview of Local Rule 3017-2.  In general, the Plan provides for, among other things, the establishment of a liquidating trust for the purpose of administering the Debtor's Assets (*e.g.,* Litigation Claims) and making distributions to Holders of Allowed Claims and Holders of Allowed Interests.

13.    A summary of the key dates that the Debtor seeks to establish by the Interim Approval and Procedures Order are as follows:

| Proposed Timetable | |
| --- | --- |
| Voting Record Date | **September 4, 2018** (the day of the prospective hearing for interim approval of the Combined Plan and Disclosure Statement) |
| Solicitation Date | The date that is eight (8) calendar days after entry of the Interim Approval Procedures Order (such eighth calendar day is anticipated to be **September 13, 2018**) |
| Claim Objection Deadline (for Voting Purposes Only) | **October 18, 2018** (twenty one (21) days prior to Plan Confirmation Hearing) |

4

| Rule 3018 Motion Deadline | **October 25, 2018** (fourteen (14) days prior to the Plan Confirmation Hearing) |
|---|---|
| Plan Confirmation Objection Deadline | **October 29, 2018, 2018** at 4:00 p.m. (ET) |
| Voting Deadline | **October 29, 2018** at 5:00 p.m. (ET) |
| Rule 3018 Objection Deadline | **November 1, 2018** (seven (7) calendar days prior to the Plan Confirmation Hearing) |
| Deadline to File Voting Declaration | **November 5, 2018** (five (5) business days following the Voting Deadline) |
| Deadline to File Plan Supplement | N/A |
| Reply Deadline | **November 5, 2018** at 4:00 p.m. (ET) |
| Plan Confirmation Hearing | **November 8, 2018** at 10:00 a.m. (ET) |

14. The Plan contemplates classifying (other than Administrative Claims, Professionals' Fee Claims, Priority Tax Claims, and U.S. Trustee Fee Claims) and treating all Claims against and Interests in the Debtor as follows:

| Class | Type | Status | Voting Right | Potential Recovery |
|---|---|---|---|---|
| 1 | Secured Claim of Pre-Petition Lender | Impaired | Entitled to vote | After payment in full of Allowed Class 2 Other Priority Claims (if any), and Allowed Class 3 General Unsecured Claims, up to 100% from the proceeds of Litigation Claims[3] |

---

[3] The Debtor believes that the Lien securing the Secured Claim of the Pre-Petition Lender is avoidable as a preferential transfer under section 547 of the Bankruptcy Code. The Pre-Petition Lender has agreed, subject to the occurrence of the Effective Date of this Plan, to the treatment of its Claim as set forth in the Plan. The agreed treatment of the Pre-Petition Lender's Secured Claim is more advantageous than avoidance of the Secured Claim. Instead of receiving a Pro Rata Share with Class 3 General Unsecured Claims, the Pre-Petition Lender has agreed to receive a distribution on account of its Class 1 Claim only *after* payment *in full* of the Class 3 General Unsecured Claims. If the Effective Date does not occur, the rights of the Debtor and the Pre-Petition Lender regarding the validity, enforceability and avoidability of the Lien securing the Secured Claim are preserved in all respects.

| Class | Type | Status | Voting Right | Potential Recovery |
|---|---|---|---|---|
| 2 | Other Priority Claims | Unimpaired | Not entitled to vote; presumed to accept | 100% (if any) |
| 3 | General Unsecured Claims | Impaired | Entitled to vote | After payment in full of Allowed Class 2 Other Priority Claims (if any), up to 75% of the Allowed amount of General Unsecured Claims (without interest) to be made available from up to $220,000 of proceeds of the DIP Loan, plus Allowed General Unsecured Claims' Pro Rata Share of the net recovery on the Litigation Claims up to an aggregate recovery of 100% (without interest). Estimated aggregate recovery of at least $216,881.01 and up to $289,184.01.[4] |
| 4 | Subordinated Unsecured Claims | Impaired | Entitled to vote | After payment in full of the Allowed Class 2 Other Priority Claims, Allowed Class 3 General Unsecured Claims and the Allowed Class 1 Secured Claim of the Prepetition Lender, up to 100% from the Allowed Subordinated Unsecured Claims' total Pro Rata Share of one-half of the net recovery on the Litigation Claims. Potential aggregate recovery of $0 to approximately $19,621,692 (which may be 52.2% of Subordinated Unsecured Claims).[5] |

[4] Class 3 General Unsecured Claims shall not include Claims subject to subordination under section 510(b), which are Class 4 Subordinated Unsecured Claims. In addition, the General Unsecured Claims of the Managing Member, the Manager, Swansea Beneficiary Trust, LLC, and Ritchie Risked-Link Opportunities, LLC shall not receive any Class 3 distribution on account of their respective Claims listed on Schedule F. Thus, the Debtor estimated that there are approximately $289,184.01 in General Unsecured Claims.

[5] As indicated in the Debtor's liquidation analysis (attached to the Plan as Exhibit IV.A.4), the net proceeds of the Litigation Claims in a "best case" scenario is estimated to be $39,243,385, one half of which is $19,621,692.50. Total Class 4 Subordinated Unsecured Claims, including Disputed Claims, may total approximately $37,583,000, including (a) Huizenga's $11 million attorneys' fee claims, (b) Thane Ritchie's $13.383 million indemnification claim, (c) the Excess Insurers' claim in the amount of $11.2 million relating to the Second Judgment, and (c) claims for indemnification relating to approximately $2 million in post-judgment attorneys' fees and expenses.

| Class | Type | Status | Voting Right | Potential Recovery |
|---|---|---|---|---|
| 5 | Interests | Impaired | Entitled to vote | After payment in full of the Allowed Class 2 Other Priority Claims, Allowed Class 3 General Unsecured Claims and the Allowed Class 1 Secured Claim of the Prepetition Lender, the Interest Holders will receive one-half of the net recovery on the Litigation Claims.  Potential aggregate recovery of $0 to approximately $19,621,692. |

15.    As set forth above, Holders of Allowed Claims in Classes 1, 3, and 4, and Holders of Allowed Class 5 Interests are entitled to vote on the Plan (the "Voting Classes").  Holders of Other Priority Claims in Class 2 are unimpaired, presumed to accept the Plan, and, therefore, not entitled to vote on the Plan.  No Class is deemed to reject the Plan.

16.    The Debtor respectfully submits that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code; *however*, by this Motion, the Debtor seeks only interim approval of the adequacy of the Disclosure Statement.  At the Plan Confirmation Hearing, the Debtor will seek final approval of the adequacy of the Disclosure Statement and confirmation of the Plan.

## HIGHLIGHTED PROVISIONS UNDER LOCAL RULE 3017-2(c)(ii)

17.    Local Rule 3017-2(c)(ii) requires the Debtor to highlight certain provisions included in the Plan or an Interim Approval and Procedures Order as follows:

a.    Local Rule 3017-2(c)(ii)(A) requires the disclosure of provisions that seek consensual releases/injunctions with respect to claims *creditors* may hold against non-debtor parties.    Article VII.G and VII.H of the Combined Plan and Disclosure Statement provide for consensual third-party releases (and a related injunction in favor) of the Released Parties. "Released Parties" is defined as "the Debtor, the Chief Restructuring Officer, the DIP Lender (in such capacity) and, in their respective capacity as counsel or financial advisor to the Debtor or Chief Restructuring Officer, Reed Smith

LLP, Potter Anderson LLP, and D&P, and each of their respective partners, members, employees, and agents, all in their capacities as such." The consensual releases do not apply to any liability of any Released Party that otherwise would result from any act or omission to the extent that the act or omission is determined in a Final Order to have resulted from gross negligence, fraud, or willful misconduct.

b.    Local Rule 3017-2(c)(ii)(B) requires the disclosure of provisions that seek to release any claims the *debtor* may have against non-debtor parties who are insiders of a debtor. Article VII.F of the Combined Plan and Disclosure Statement provides an exculpation for the Released Parties (other than the DIP Lender) that are estate fiduciaries, provided that the releases do not apply to any liability of any such entity that otherwise would result from any act or omission to the extent that the act or omission is determined in a Final Order to have resulted from gross negligence, fraud, or willful misconduct.

c.    Local Rule 3017-2(c)(ii)(C) requires the disclosure of any provision that seeks an exemption under section 1146 of the Bankruptcy Code. Article VII.I.2 of the Combined Plan and Disclosure Statement provides for an exemption from certain taxes and fees pursuant to section 1146(a) of the Bankruptcy Code with respect to (a) any transfer of Assets made by the Debtor or the Reorganized Debtor to the Liquidating Trust; (b) any sales (including, without limitation, private or public foreclosure sales) of Liquidating Trust Assets made by the Liquidating Trustee to liquidate such Liquidating Trust Assets and convert such assets into Cash; (c) any sales of Liquidating Trust Assets made by the Liquidating Trustee under section 363 of the Bankruptcy Code, to the extent that title to the Liquidating Trust Assets being sold transfers after the Confirmation Date; and (d) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Combined Plan and Disclosure Statement, including any merger agreements, agreements of consolidation, restructuring, disposition, liquidation or dissolution, deeds, bills of sale, or assignments executed in connection with any of the foregoing or pursuant to the Combined Plan and Disclosure Statement.

**RELIEF REQUESTED**

18.     By this Motion, the Debtor seeks entry of the Interim Approval and Procedures Order, substantially in the form attached to this Motion as **Exhibit A**, (a) approving, on an interim basis, the disclosures in the Combined Plan and Disclosure Statement, (b) approving the forms of Ballot and solicitation materials, (c) approving the Solicitation Procedures and Vote Tabulation Procedures, (d) scheduling the Plan Confirmation Hearing and establishing the Plan Confirmation Objection Deadline (and related voting and other deadlines), (e) approving the Plan Confirmation Hearing Notice, and (f) granting related relief.

**I.     Interim Approval of the Disclosure Statement**

19.     Local Rule 3017-2(c) allows for the filing of a combined plan and disclosure statement and approval of a disclosure statement on an interim basis if the requirements of Local Rule 3017(a) are met.   The Debtor submits that such requirements are met here because (a) substantially all of the Debtor's assets other than its Litigation Claims have been liquidated, (b) the Plan complies with section 1129(a)(9) of the Bankruptcy Code, (c) the Plan does not seek non-consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties, and (d) the Debtor's Assets (other than the proceeds of the Litigation Claims) to be distributed under the Plan are estimated, in good faith, to be worth less than $25 million.  *See* Del. Bankr. L.R. 3017-2(a).

20.     Under section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and interests entitled to vote with "adequate information" regarding the proposed chapter 11 plan.  *See* 11 U.S.C. § 1125(b).  The Debtor respectfully submits that the Disclosure Statement contains "adequate information" within the meaning of section 1125(a)(1) of the Bankruptcy Code and, thus, should be approved by this Court on an interim basis and, at the Plan Confirmation Hearing, on a final basis.

21.     Section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such hypothetical
> investor of the relevant class to make an informed judgment about
> the plan . . ..

11. U.S.C. § 1125(a)(1).   Thus, a debtor's disclosure statement must, as a whole, provide

information that is sufficiently detailed, so far as "reasonably practicable," to permit an

"informed judgment" by impaired creditors entitled to vote on the plan.  *See In re Ryan*

*Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996); *In re*

*Autobacs Strauss, Inc.*, 473 B.R. 525, 584 (Bankr. D. Del. 2012); *In re Dakota Rail, Inc.*, 104

B.R. 138, 142 (Bankr. D. Minn. 1989).   At a minimum, a disclosure statement "must clearly and

succinctly inform the average unsecured creditor what it is going to get, when it is going to get it,

and what contingencies there are to getting its distribution."  *In re Ferretti*, 128 B.R. 16, 19

(Bankr. D. N.H. 1991).

22.     The Disclosure Statement contains the necessary information for Holders of

Claims and Holders of Interests entitled to vote to make an informed decision about whether to

vote to accept or reject the Plan, including, among other things:

(a)     information concerning the Debtor's business operations,
organizational structure, and capital structure;

(b)     an overview of certain events preceding and leading to the
commencement of this Chapter 11 Case;

(c)     a summary of the classification and treatment of all Classes
of Claims and Interests;

(d)     the provisions governing Distributions under the Plan;

(e)     the means for implementation of the Plan, including the establishment of a Liquidating Trust and the appointment of the Liquidating Trustee to administer the remaining Assets of the Debtor and to make distributions to the Holders of Allowed Claims and Holders of Allowed Interests;

(f)     risk factors affecting the Plan and Distributions thereunder; and

(g)     a summary of the Bankruptcy Code and other requirements for confirmation of the Plan.

23.     The Debtor respectfully submits that the Disclosure Statement satisfies the requirements of section 1125 of the Bankruptcy Code.  However, at the hearing on this Motion, the Debtor will seek only interim approval of the Disclosure Statement as permitted by Local Rule 3017-2.  At the Plan Confirmation Hearing, the Debtor will request that the Court find, on a final basis, that the Disclosure Statement's disclosure provisions contain "adequate information" as defined in section 1125(a) of the Bankruptcy Code and discussed above.

## II.    The Solicitation Procedures

### A.    Establishment of Voting Record Date

24.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  The Debtor proposes that the Court establish September 4, 2018 (the date of the hearing to approve the Motion) as the record date (the "Voting Record Date") for purposes of determining which Holders of Claims and Interests are entitled to vote on the Plan.

B.    **Approval of Solicitation Package**

25.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims and Interests entitled to vote for the purpose of soliciting their votes and providing adequate notice of the Plan Confirmation Hearing.

26.    Except as provided below, upon entry of the Interim Approval and Procedures Order, the Debtor proposes that the following materials (collectively, the "Solicitation Package") be distributed by or on behalf of the Debtor to each record Holder of a Claim or Interest entitled to vote on the Plan:

(a)    a cover letter from the Debtor describing the contents of the Solicitation Package (the "Cover Letter");

(b)    the Combined Plan and Disclosure Statement, and all exhibits thereto, as approved by the Bankruptcy Court on an interim basis;

(c)    the Interim Approval and Procedures Order, excluding all exhibits;

(d)    the Plan Confirmation Hearing Notice;

(e)    an appropriate Ballot, including voting instructions;

(f)    a pre-addressed, stamped return envelope; and

(g)    such other materials as the Court may direct.

27.    The Debtor expects that it will be able to complete distribution of the Solicitation Packages no later than eight (8) calendar days after entry of the Interim Approval Procedures Order.  Such eighth calendar day is anticipated to be September 13, 2018 (the "Solicitation Date").  All other parties in interest, including Holders of Claims or Interests not entitled to vote on the Plan, will receive a copy of the Plan Confirmation Hearing Notice.

28.    Although the Debtor has made, and will make, every effort to ensure that the Solicitation Package described is in final form, the Debtor nonetheless requests authority to make

non-substantive changes to the Combined Plan and Disclosure Statement and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Combined Plan and Disclosure Statement and any other materials in the Solicitation Package following entry of the Interim Approval and Procedures Order and prior to mailing.

### C.    Approval of Forms of Ballots

29.    Bankruptcy Rule 3017(d) requires that a debtor mail a form of ballot to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtor proposes to distribute to Holders of Claims and Interests entitled to vote on the Plan one or more Ballots substantially in the form attached to this Motion as **Exhibit B**, applicable to each such Holder. The forms of Ballots are based on Official Form No. 314, as modified to address the particular aspects of this Chapter 11 Case, and to include certain additional information that the Debtor believes to be relevant and appropriate to each class of Claims and Interests that is entitled to vote to accept or reject the Plan.[6]

### D.    Voting Deadline and Vote Tabulation Procedures

#### 1.    Establishment of Voting Deadline.

30.    Bankruptcy Rule 3017(c) provides that, in connection with or before approval of a disclosure statement, a court shall fix a time within which the holders of claims or equity security interests may accept or reject the relevant chapter 11 plan. *See* Fed. R. Bankr. P. 3017(c). Local Rule 3017-2(d)(ii) provides that the Voting Deadline shall be no more than ten (10) days prior to the Plan Confirmation Hearing.

31.    In accordance with Bankruptcy Rule 3017(c), the Debtor requests that the Court enter an order requiring that, to be counted as a vote to accept or reject the Plan, any Ballot

---

[6] Bankruptcy Rule 9009(a) authorizes alterations to the form of ballot that is Official Form 314.

accepting or rejecting the Plan be properly executed, completed, have only one box checked to accept or reject, and (if applicable) **the original** shall be delivered so as to be actually received by the Debtor, c/o Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Jason D. Angelo, Esq.),[7] not later than **5:00 p.m. (Eastern Time) on October 29, 2018** (the "Voting Deadline"), unless such time is extended by the Debtor in its sole discretion. Ballots are to be delivered according to the instructions set forth on the applicable Ballot.

32.    The Debtor submits that a solicitation period of at least forty-six (46) days (from September 13 to October 29, 2018) provides sufficient time for creditors entitled to vote to make informed decisions to accept or reject the Plan and submit timely Ballots under the circumstances. Therefore, the Voting Deadline should be approved.

### 2.    Temporary Allowance of Claims for Voting Purposes

33.    Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is "scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by [Rule 3003(c)(3)]" and "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

34.    In addition, when a debtor objects to a filed claim, the holder of such claim is not entitled to vote unless the Court estimates the claim for voting purposes. *See* Fed. R. Bankr. P. 3018(a) ("Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount that the court deems proper for the purposes of accepting or rejecting a plan."); *see also* 11 U.S.C. §§ 502, 1126. The Debtor respectfully requests that if a creditor files a motion seeking to have its Claim temporarily allowed for voting purposes (any such motion, a "3018 Motion"), the Court set the deadline for filing and serving

---

[7] Pursuant to Local Rule 3017-2(c)(iii), Jason D. Angelo, Esq. shall be the Debtor's balloting agent.

(i) the 3018 Motion no later than **October 25, 2018** (which is fourteen (14) days prior to the proposed Plan Confirmation Hearing) (the "<u>3018 Motion Deadline</u>"), and (ii) any objection to a 3018 Motion no later than **November 1, 2018** (which is seven (7) days prior to the proposed Plan Confirmation Hearing) (the "<u>3018 Objection Deadline</u>").

### 3.    Approval of Procedures for Vote Tabulation.

35.    With respect to a class of claims, section 1126(c) of the Bankruptcy Code provides that:

> [a] class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

36.    The Debtor proposes, solely for purposes of voting to accept or reject the Plan, and not for purposes of allowance or distribution on account of a Claim and without prejudice to the rights of the Debtor or the Liquidating Trust in any other context, that the amount of a Claim used to tabulate acceptance or rejection of the Plan be one of the following alternatives:

(a)    if no Proof of Claim was timely filed, the Claim amount listed in the Debtor's Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated;

(b)    any Ballot cast for a Claim designated or determined as contingent, disputed, or unliquidated, or in an unknown amount and for which no 3018(a) Motion has been Filed by the 3018(a) Motion Deadline, will be allowed only for voting purposes as a Claim in the amount of $1.00;

(c)    the liquidated amount specified in a Proof of Claim timely filed with the Court or otherwise deemed timely filed by the Court under applicable law, to the extent that the Proof of Claim is not the subject of an objection;

(d)    the amount agreed-upon by the Debtor and the voting

creditor as evidenced in a stipulation or other document filed with the Court or otherwise memorialized; and

(e)    the amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after notice and a hearing at or before the Plan Confirmation Hearing.

37.    If the Debtor files an objection to a Claim seeking to disallow and/or expunge the Claim in its entirety by **October 18, 2018** (which is twenty-one (21) days prior to the proposed Plan Confirmation Hearing) (solely for voting purposes, the "Claim Objection Deadline"), the Debtor requests authority to exclude any vote on account of such Claim from the official tabulation results. If the Debtor files an objection to a Claim seeking to reduce or reclassify the Claim in whole or in part by the Claim Objection Deadline (for Voting Purposes), the Debtor requests that any vote on account of such Claim be tabulated only in the proposed reduced amount and/or in the proposed classification or as otherwise set forth in the objection. In either case, if a creditor desires to challenge the voting amount or classification of its Claim, the creditor must seek authority from the Court to do so following notice and a hearing, pursuant to Bankruptcy Rule 3018(a). For the avoidance of doubt, the Claim Objection Deadline applies for voting purposes only and is not meant to limit or otherwise preclude the Debtor or the Liquidating Trustee from filing objections to Claims for purposes of Distributions.

38.    Notwithstanding anything to the contrary contained in this Motion, any creditor who has filed a Proof of Claim that is duplicative of another Claim(s) within the same Class of Claims entitled to vote to accept or reject the Plan, as determined by the Debtor, may be provided with only one Solicitation Package and one Ballot for voting on a single Claim in such class, regardless of whether the Debtor has objected to such duplicate Claim(s).

39.    With respect to any Claims that are transferred or assigned to another party, the assignee of a transferred and assigned claim (whether a filed or scheduled claim) whose transfer

and assignment has been properly filed on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date and whose claims have not been disallowed or expunged prior to the Solicitation Date is entitled to vote to accept or reject the Plan.

40.    In addition, the Debtor requests that the following voting procedures and standard assumptions ("Tabulation Rules") be used in tabulating Ballots:

The following Ballots will not be counted:

(a)    any Ballot submitted that is received after the Voting Deadline, unless the Debtor or the Bankruptcy Court grants an extension of the Voting Deadline with respect to such Ballot;

(b)    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or holder of an Interest;

(c)    any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Combined Plan and Disclosure Statement;

(d)    any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of the Combined Plan and Disclosure Statement or that indicates both acceptance and rejection of the Combined Plan and Disclosure Statement;

(e)    any Ballot not bearing an original signature; or

(f)    any Ballot that is submitted by facsimile or electronic mail.

41.    The Debtor will file with the Court a certification of votes (the "Voting Report") on or before November 5, 2018 (five business days after the Voting Deadline).  The Voting Report shall, among other things, set forth the voting results, certify to the Court in writing the amount and number of Allowed Claims of each Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form

of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail, or damaged ("<u>Irregular Ballots</u>").  The Voting Report shall indicate the Debtor's intentions with regard to each such Irregular Ballot.

42.     The Debtor submits that the proposed Tabulation Rules and other related vote tabulation procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

## III.    <u>Confirmation Hearing</u>

### A.     **The Plan Confirmation Hearing and Notice Thereof**

43.     Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  11 U.S.C. § 1128(a).  Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that, in a case under chapter 11, the Court on its own initiative, or at the request of a party in interest, may provide that the hearing on approval of a disclosure statement may be combined with the hearing on confirmation of the plan.  *See* 11 U.S.C. § 105(d)(2)(B)(vi).  Local Rule 3017-2(f) provides that "[t]he order approving the voting procedures shall provide for a combined hearing on the final approval of the disclosure statement and confirmation of the plan not less than forty-five (45) days from the entry of the order approving the voting procedures . . . ."  In accordance with Local Rule 3017-2(f), the Debtor, therefore, requests that the Court schedule a hearing to consider approval of the Disclosure Statement and confirmation of the Plan on **November 8, 2018**, which is 64 days after the anticipated entry of the Interim Approval and Procedures Order and 56 days after the latest date upon which the Debtor will mail the Solicitation Packages**.**  Thus, the proposed date for the scheduling of the Plan Confirmation Hearing complies with the Bankruptcy Rules and the Local

Rules and will enable the Debtor to pursue confirmation of the Plan in a timely and cost-effective fashion.

44.     The Plan Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtor, without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

45.     The Debtor proposes to provide to all parties in interest a copy of the Plan Confirmation Hearing Notice, setting forth:  (i) the Voting Deadline, (ii) the Plan Confirmation Objection Deadline, (iii) the 3018 Motion Deadline, (iii) procedures for filing objections and responses to the final approval of the adequacy of the Disclosure Statement or to confirmation of the Plan, and (iv) the time, date, and place for the Plan Confirmation Hearing.  The Debtor requests approval of the Plan Confirmation Hearing Notice, which is attached as **Exhibit C**.  The Debtor submits that such notice complies with the Bankruptcy Rules and Bankruptcy Code, and that no other or further notice should be required under the circumstances of this Chapter 11 Case.

### B.     Objection Procedures

46.     In accordance with Local Rule 3017-2(f), the Debtor proposes that the Plan Confirmation Objection Deadline be **October 29, 2018 at 4:00 p.m. (Eastern Time)**, which is 54 days after the anticipated date of entry of the Interim Approval and Procedures Order.  The Debtor further requests that the Court require that objections to confirmation of the Plan (including with respect to the final approval of the adequacy of disclosures) must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if

practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon the following notice parties so as to be actually received by the Confirmation Objection Deadline:  (i) counsel for the Debtor, Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Kurt F. Gwynne, Esq. and Jason D. Angelo, Esq.); (ii) the Debtor's proposed Chief Restructuring Office, Geoff Varga, c/o Duff & Phelps, LLC, 55 East 52nd Street, FL 31, New York, NY 10055; and (iii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Hannah McCollum, Esq.).

47.    The Debtor submits that if there are objections, it will assist the Court and may expedite the Plan Confirmation Hearing if the Debtor replies to any such objections. Accordingly, the Debtor requests authorization to file and serve replies or an omnibus reply to any such objections no later than **November 5, 2018 at 4:00 p.m. (Eastern Time).**

48.    The Plan Confirmation Objection Deadline and reply schedule proposed will afford the Debtor and other parties in interest sufficient time to consider the objections and file any replies thereto, while complying with the usual time frame for filing replies in this District.

49.    The Debtor respectfully requests that the Court approve the proposed procedures for filing objections to final approval of the adequacy of the Disclosure Statement and confirmation of the Plan and replies thereto pursuant to Bankruptcy Rules 2002, 3017, and 3020, and Local Rule 3017-2.

## NOTICE

50.    Notice of this Motion will be provided to (a) the United States Trustee; (b) the top twenty (20) unsecured creditors; and (c) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002, as required under Local Rule 3017-2.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

**WHEREFORE**, the Debtor respectfully requests that the Court (a) enter the Interim Approval and Procedures Order, substantially in the form attached to this Motion as **Exhibit A**, and (b) grant such further relief to the Debtor as is appropriate.

Dated:  August 13, 2018
            Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By:    */s/ Kurt F. Gwynne*
        Kurt F. Gwynne (No. 3951)
        Jason D. Angelo (No. 6009)
        1201 North Market Street, Suite 1500
        Wilmington, DE 19801
        Telephone: (302) 778-7500
        Facsimile: (302) 778-7575
        E-mail: kgwynne@reedsmith.com
               jangelo@reedsmith.com

*Proposed Counsel to the Debtor in Possession*