**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RITCHIE RISK-LINKED STRATEGIES, L.L.C., | Case No. 18-11555 (KJC) |
| Debtor. | **Objection Due: September 26, 2018, at 4:00 p.m. (Eastern)**<br>**Hearing Date: October 3, 2018, at 1:00 p.m. (Eastern)** |

**MOTION OF HUIZENGA MANAGERS FUND, LLC FOR AN ORDER CLARIFYING THE SCOPE OF THE AUTOMATIC BANKRUPTCY STAY**

NOW COMES Huizenga Managers Fund, LLC ("Huizenga"), by and through its undersigned attorneys, and for its Motion for an Order Clarifying the Scope of the Automatic Bankruptcy Stay, states as follows:

1. In 2007, Huizenga filed an action in the Circuit Court of Cook County, Illinois against Ritchie Risk-Linked Strategies, LLC (the "Debtor"), A.R. Thane Ritchie, Ritchie Capital Management, LLC, and Ritchie Partners, LLC (the "Ritchie Defendants"), alleging, among other things, that the Ritchie Defendants violated the Delaware Securities Act ("DSA") in their sale of two investments to Huizenga. *See Huizenga Managers Fund, LLC v. A.R. Thane Ritchie, et al.*, No. 07-CH-9626 (Ill. Cir. Ct. Cook Cty.) (the "DSA Action").

2. On August 25, 2015, the Honorable Peter Flynn entered a judgment order against the Ritchie Defendants, holding them jointly and severally liable to Huizenga for $9,174,199.63, for violating the DSA in connection with the second investment they sold to Huizenga. *See* Ex. 1, A-001-42. The judgment was affirmed by the Illinois Appellate Court. *See Huizenga Managers Fund, LLC v. A.R. Thane Ritchie, et al.*, No. 1-15-2733, 2016 WL 7508134 (Ill. App.

Ct. Dec. 29, 2016). Both the Illinois Supreme Court, 84 N.E.3d 364 (Ill. 2017), and the United States Supreme Court, 138 S. Ct. 739 (2018), declined review.

3. On October 19, 2017, Judge Flynn entered a second judgment order against the Ritchie Defendants, holding them jointly and severally liable to Huizenga for $12,772,529.70, for violating the DSA in connection with the first investment they sold to Huizenga. *See* Ex. 2, A-043-46.

4. On June 18, 2018, the Debtor filed a petition to vacate both judgments pursuant to 735 ILCS 5/2-1401(f), arguing that the trial court had lacked subject matter jurisdiction over the case since its inception in 2007. *See* Ex. 3, A-047-59.

5. On June 21, 2018, Huizenga filed a motion requesting (1) dismissal of the Debtor's petition to vacate, (2) the imposition of sanctions against the Debtor and (3) the imposition of sanctions against the Debtor's counsel. *See* Ex. 4, A-060-76. The Debtor is represented in the DSA Action by Reed Smith LLP ("Reed Smith") and Clayborne, Sabo & Wagner, LLP (the "Clayborne Firm"). Huizenga's motion was set for hearing on June 29, 2018 at 9:30 a.m.

6. On June 29, 2018 at 8:19 a.m., the Debtor filed a "Suggestion of Bankruptcy" in the DSA Action, stating that "**An automatic stay is in effect pursuant to 11 U.S.C. § 362(a). This proceeding is within the scope of the automatic stay and, therefore, is stayed.**" Ex. 5, A-077-82 (emphasis in original).

7. At the hearing that morning, Judge Flynn made the following comments:

- "I don't know that [the bankruptcy filing] imposes an automatic stay on this action or, more specifically, on the 2-1401 petition, which is brought by the debtor, not against the debtor."

Ex. 6, A-085 at 6:17-21.

- "There is further an aspect of this proceeding which, my sense is, would not be subject to the stay, in any event. To the extent that the matters presently pending before the Court include a sanctions motion against counsel who are responsible for the filing of the 2-1401 petition, since counsel aren't in the bankruptcy, to the extent that the Court considers a sanctions motion only with respect to counsel, that wouldn't implicate 362(a)."

  Ex. 6, A-085 at 7:14-24.

- "I very much doubt that [the Debtor] can talk me out of my conclusion that the [petition] to vacate void judgments is not just wrong, but frivolous, for all of the reasons that are stated in Huizenga's motion to dismiss the [petition] to vacate void judgments, but Huizenga's motion is not just a motion to dismiss the 2-1401. It is also a motion for sanctions."

  Ex. 6, A-085 at 9:9-17.

- "I treat the sanctions motion very serious. The antics which have gone on in this case…rather resemble the conduct of the sanctioned litigant in Teledyne versus Shekar, S-h-e-k-a-r, 2018 U.S. App. LEXIS 17153. I have a copy of that here. (Document tendered.)

  Ex. 6, A-086 at 10:13-22.

8. Judge Flynn then entered an order requiring the parties to submit briefing on (1) whether proceedings on the Debtor's petition to vacate and Huizenga's motion to dismiss were subject to the automatic stay under section 362(a), (2) whether Huizenga's request for sanctions against the Debtor was subject to the automatic stay under section 362(a), and (3) whether Huizenga's request for sanctions against the Debtor's attorneys was subject to the automatic stay under section 362(a). Ex. 7, A-094-95.

9. On July 9, 2018, the Debtor's attorneys with the Clayborne Firm sent a letter to Judge Flynn stating that "[a]s [the Debtor] does not wish to seek court approval of [the Clayborne Firm's] engagement pursuant to Section 327(e) of the Bankruptcy Code, [the Clayborne Firm] does not intend to file a brief on behalf of [the Debtor] in response to the Court's Order of June 29, 2018." Ex. 8, A-096. The Clayborne Firm then argued that the automatic bankruptcy stay barred Judge Flynn from sanctioning it, stating:

3

> Any ruling imposing sanctions against [the Clayborne Firm] under [Illinois Supreme Court] Rule 137 for filing the [Petition] to Vacate pre-bankruptcy is in reality an action against [the Debtor] in violation of the Automatic Stay Injunction since any ruling on whether Rule 137 has been violated requires a determination of the [Petition] to Vacate and a determination on the [Petition] to Vacate violates the Automatic Stay Injunction and *[the Clayborne Firm] will assert a right to indemnification against [the Debtor] under the [Debtor's] Operating Agreement.*

Ex. 8, A-097 (emphasis added).

10. On July 18, 2018, the Debtor's attorneys with Reed Smith filed a brief arguing that the automatic bankruptcy stay prohibited Judge Flynn from (1) dismissing the Debtor's petition to vacate, (2) sanctioning the Debtor, and (3) sanctioning the Debtor's attorneys. *See* Ex. 9, A-099-109. That same day, Huizenga filed a brief arguing that the automatic bankruptcy stay did not prohibit Judge Flynn from taking any of these actions. *See* Ex. 10, A-110-126.

11. On August 3, 2018, Judge Flynn entered an order dismissing the Debtor's petition to vacate. However, Judge Flynn directed the parties to seek clarification from this Court on whether the automatic bankruptcy stay precludes him from imposing sanctions against the Debtor and/or the Debtor's attorneys. Judge Flynn further ordered: "Huizenga shall provide the Court with a status as to the bankruptcy proceeding on August 17, 2018." *See* Ex. 11, A-127.

12. Accordingly, because the Debtor has not sought clarification from this Court concerning whether the automatic bankruptcy stay precludes Judge Flynn from sanctioning the Debtor or the Debtor's attorneys, Huizenga respectfully brings this issue to the Court's attention now. Because the parties have already submitted briefing on the issue to Judge Flynn, and those briefs are attached hereto as exhibits, Huizenga submits that no further briefing on the issue is necessary in this Court.

## **CONCLUSION**

For the foregoing reasons, Huizenga respectfully requests entry of an order clarifying whether the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(a) prohibits Judge Flynn from (1) sanctioning the Debtor for pre-petition conduct, or (2) sanctioning the Debtor's attorneys at the Clayborne Firm and Reed Smith.

Dated:  August 17, 2018                     **K&L GATES LLP**

/s/ Steven L. Caponi
Steven L. Caponi, Esq. (No. 3484)
600 N. King Street, Suite 901
Wilmington, DE 19801
Tel: (302) 416-7000
Email: steven.caponi@klgates.com


Of counsel:

Christopher J. Barber, Esq.
Gary W. Garner, Esq.
Jonathan D. Miller, Esq.
WILLIAMS MONTGOMERY & JOHN LTD.
233 S. Wacker Drive, Suite 6800
Chicago, IL 60606
Tel:  (312) 443-3200
Email:  cjb@willmont.com
          gwg@willmont.com
          jm@willmont.com

-and-

Steve Jakubowski, Esq.
ROBBINS SALOMON & PATT, LTD.
180 N. La Salle Street, Suite 3300
Chicago, Illinois 60601
Tel: (312) 456-0191
Email: SJakubowski@rsplaw.com

*Counsel To Huizenga Managers Fund, LLC*

5