IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RITCHIE RISK-LINKED STRATEGIES, L.L.C.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 18-11555 (KJC)<br><br>Objection Deadline: September 27, 2018, at 4:00 p.m. (ET)<br>Hearing Date: October 3, 2018, at 11:00 a.m. (ET) |

**DEBTOR'S MOTION FOR ENTRY OF
AN ORDER VOLUNTARILY DISMISSING CHAPTER 11 CASE**

Ritchie Risk-Linked Strategies, L.L.C., the debtor-in-possession in the above-captioned bankruptcy case (the "Debtor"), hereby moves (the "Motion") this Court, pursuant to section 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached as **Exhibit A** (the "Dismissal Order") authorizing the voluntary dismissal of the Debtor's chapter 11 case on the terms provided in the Dismissal Order. In support of the Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 0458.

3. Section 1112(b) of the Bankruptcy Code is the statutory basis for the relief requested in the Motion, as supplemented by Bankruptcy Rule 1017(a) and Local Rule 1017-2.

4. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

5. On June 28, 2018, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtor continues to be in possession of its property as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No official committee has been appointed in this chapter 11 case.

6. The Debtor is a Delaware LLC, organized in 2004, with a principal place of business in the Cayman Islands.

7. The Debtor was the "onshore feeder fund" in a master-feeder investment fund structure, composed of a number of separate entities, which made direct investments in insurance products, including property-casualty and "life settlement" assets.

8. As of the date of this Motion, the Debtor has no business operations or employees.

9. The Debtor's primary assets are its litigation claims.

**RELIEF REQUESTED**

10. By this Motion, the Debtor respectfully requests that this Court enter the Dismissal Order pursuant to section 1112(b) of the Bankruptcy Code, Bankruptcy Rule 1017(a), and Local Rule 1017-2, authorizing and approving the Debtor's voluntary dismissal of its bankruptcy case. Counsel for the Office of the United States Trustee for Region Three (the "U.S. Trustee") and

counsel for Huizenga Managers Fund, LLC ("Huizenga") have advised Debtor's counsel that they consent to the relief requested in the Dismissal Order.

### BASIS FOR RELIEF REQUESTED

**A. "Cause" Exists for Voluntary Dismissal of the Bankruptcy Case Pursuant to Section 1112(b) of the Bankruptcy Code and is in the Best Interests of the Debtor's Creditors and Estate.**

11.  Bankruptcy Code section 1112(b) allows the Court, upon request of a party in interest, to dismiss a case under chapter 11 "for cause."  Courts have held that "cause" for purposes of section 1112(b) may include any reasonable grounds justifying dismissal, whether or not expressly stated in the Bankruptcy Code.  *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012); *In re 3Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006).  Determinations of whether "cause" exists are made on a case-by-case basis, and the decision to dismiss a chapter 11 case rests in the sound discretion of the Court.  *See In re Young*, 76 B.R. 376, 378 (Bankr. D. Del. 1987) (stating that section 1112(b) of Bankruptcy Code permits court in its discretion to dismiss chapter 11 case, and that "determination of whether cause has been shown must be made on a case-by-case basis, and cause is not limited to the enumerated grounds of § 1112(b)").

12.  As one court has stated, "a debtor wishing dismissal of a case should obtain this result in all but extraordinary situations."  *In re Geller*, 74 B.R. 685, 689 (Bankr. E.D. Pa. 1987).

13.  Case law interpreting section 1112(b) of the Bankruptcy Code indicates that a court has wide discretion to use its equitable powers to dispose of a debtor's case.  *See Am. Capital Equip.*, 688 F.3d at 163 (noting that a bankruptcy court has "wide discretion to use its equitable powers to make an appropriate disposition of the case."); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (stating that a determination of whether cause exists under section 1112(b) of the Bankruptcy Code "rests in the sound discretion" of the bankruptcy court); *In re*

*Koerner*, 800 F.2d 1358, 1367 & n.7 (5th Cir. 1986) (stating that a bankruptcy court is afforded "wide discretion" under section 1112(b) of the Bankruptcy Code).

14. Courts may grant requests for voluntary dismissal unless to do so would result in some "plain legal prejudice" to creditors. *See, e.g.*, *Gill v. Hall (In re Hall)*, 15 B.R. 913, 917 (9th Cir. B.A.P. 1981) (following *In re Int'l Airport Inn P'ship*, 517 F.2d 510 (9th Cir. 1975) (decided under the Bankruptcy Act)); *In re Turboff*, 120 B.R. 849, 850 (Bankr. S.D. Tex. 1990); *In re Kimble*, 96 B.R. 305, 307-08 (Bankr D. Mont. 1988); *see generally Barry v. Sommers (In re Cochener)*, 382 B.R. 311, 334 (S.D. Tex. 2007) (court should "determine if dismissal would be in the best interest of both the debtor and the creditors").

15. Here, dismissal is warranted because the alternative – conversion to a chapter 7 case – would not serve the best interests of the Debtor's estate or its creditors.

16. Indeed, dismissal of the bankruptcy case allows the Debtor and its estate to avoid the unnecessary accrual of potential chapter 7 administrative expenses that would be associated with any conversion of the chapter 11 case to chapter 7, and in the Debtor's view, would negatively affect the value of the Debtor's litigation claims by removing the Debtor from the control of such litigation.

17. Voluntary dismissal also eliminates the costs and expenses associated with discovery and litigation relating to the motions to dismiss, convert, or for the appointment of a Chapter 11 trustee.[2] Therefore, under the present facts and circumstances, the interests of the Debtor's estate and its creditors will be served by voluntary dismissal.

---

[2] On August 8, 2018, Huizenga filed its *Motion to Dismiss the Case Pursuant to 11 U.S.C. § 1112(b) and 305(a)* [D.I. 32]. On August 15, 2018, the U.S. Trustee filed its *Motion the Appointment of a Chapter 11 Trustee or, in the Alternative, Conversion or Dismissal of the Debtor's Chapter 11 Bankruptcy Case* [D.I. 53]. Huizenga initially served 70 documents requests and sought eleven (11) depositions relating to its motion to dismiss. The Debtor also served document requests and sought two (2) depositions of

4

18. In addition, the Dismissal Order contains the following restrictions related to the filing of another bankruptcy petition: (i) the Debtor may not file a new petition for relief under the Bankruptcy Code within 180 days of the entry of the Dismissal Order and (ii) the U.S. Trustee must be provided notice of the filing of a petition for relief under the Bankruptcy Code in any Federal District within nine (9) months after entry of this Order by any of the following parties: the Debtor, Ritchie CT Opps, LLC, Ritchie Capital Management, L.L.C., Ritchie Partners, L.L.C., Ritchie Multi-Strategy Global Trading, Ltd., and A. R. Thane Ritchie.

19. Based on the foregoing, the Debtor respectfully submits that it has met its burden of proof to demonstrate that dismissal of this chapter 11 case is appropriate under section 1112(b) of the Bankruptcy Code.

## NO PRIOR REQUEST

20. No prior motion for the relief requested herein has been made to this or any other court.

## NOTICE

21. The Debtor will provide notice of this Motion to the following: (i) the Office of the United States Trustee for Region Three; (ii) counsel for the Debtor's prepetition lender; (iii) Huizenga Managers Fund, LLC; (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b); and (v) all known creditors of the Debtor. In light of the nature of the relief requested in this Motion, the Debtor respectfully submits that no other or further notice is necessary.

---

Huizenga representatives. Huizenga and the Debtor had several pending discovery disputes, which were the subject of a multiple, lengthy letters.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form of the Dismissal Order attached as **Exhibit A**, (i) authorizing and approving the Debtor's voluntary dismissal of its chapter 11 case and (ii) granting such further relief as is appropriate.

Dated: September 18, 2018  
       Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Kurt F. Gwynne*  
Kurt F. Gwynne (No. 3951)  
Jason D. Angelo (No. 6009)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
E-mail:  kgwynne@reedsmith.com  
         jangelo@reedsmith.com

*Counsel to the Debtor in Possession*